UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAY KRUISE,

      Plaintiff,

      v.

U.S. DEP'T OF ARMY, et al.,

      Defendants.

CIVIL ACTION NO. 3:23-CV-580

(SAPORITO, J.)
(CARLSON, M.J.)

ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Martin C. Carlson concerning both parties' supplemental cross motions for summary judgment (Doc. 101; Doc. 109), in which he recommends that the defendant's motion for summary judgment be granted in part and denied in part, and that the plaintiff's motion for summary judgment be denied in its entirety. (Doc. 124).

As Judge Carlson begins his report and recommendation, "[w]e do not write upon a blank slate in this employment discrimination case. Quite the contrary, the plaintiff's multi-faceted complaint has already been the subject of extensive summary judgment litigation, litigation which culminated with a comprehensive analysis by the Court." (*Id.*, at 1). It is upon this backdrop that Judge Carlson analyzes the final two

claims in this action: (1) the plaintiff's race discrimination claim predicated upon whether he was denied an opportunity to compete for a GS-11 position at the Tobyhanna Army Depot; and (2) the plaintiff's retaliation claim predicated upon the defendant giving workers more overtime opportunities than the plaintiff. (*Id.*).

First, Judge Carlson recommends granting the defendant's motion for summary judgment on the plaintiff's race discrimination claim, finding that the plaintiff provided insufficient evidence to suggest that his denial of an opportunity to compete for a GS-11 position was pretextual and designed to conceal invidious discrimination. (*Id.*, at 20). Judge Carlson explained that the plaintiff was given two employment options:

> First, he could opt for pay retention; that is, he would return to work at Tobyhanna as a GS-9 employee, but his pay would be set in accordance with the GS-9 pay scale at a rate equivalent to the GS-11 pay he had been receiving… In the alternative, Kruise was informed that he could register in what was called the Priority Placement Program (PPP) for placement in a GS-11 position upon his return… This program provided greater career advancement options but does not appear to have offered the same degree of pay retention protection. In 2007, Kruise opted for the pay retention option.

(*Id.*, at 4). Therefore, Judge Carlson found that "Kruise's pay retention

election entailed a decision to forego placement in the PPP program." (*Id.*, at 5). Accordingly, the plaintiff's denial of opportunity for the GS-11 position resulted from his decision to enroll in the pay retention option, as opposed to the PPP program, rather than any discrimination.[1]

Second, Judge Carlson recommends denying both parties' cross supplemental motions for summary judgment on the plaintiff's retaliation claim, finding that disputed facts preclude the granting of either party's motion. Specifically, he noted that a factual question remained as to whether there was a causal connection between the plaintiff's previous filing of EEO complaints and assigning the plaintiff less overtime than other workers. Judge Carlson explained that while "[t]he undisputed evidence shows that [the defendant] initially proposed totally denying [the plaintiff] any overtime '[b]ased on his prior complaints[,]'" (*id.*, at 24), "it is also apparent that [the plaintiff] was given more overtime than some other employees, a fact which tends to

---

[1] Judge Carlson also noted that the plaintiff's circumstances in 2007 did not meet the technical requirements of any other repromotion list programs at Tobyhanna. (*Id.*, at 5). Judge Carlson further explained that the plaintiff's alleged comparator, Paulette Vadosky, differed from the plaintiff because she was eligible and qualified for the non-competitive promotion.

undermine this inference." (*Id.*, at 25–26). Therefore, Judge Carlson concluded that the disputed issue of whether the plaintiff's denial of overtime was pretextual precludes the granting of either party's motion for summary judgment.

On June 18, 2026, the plaintiff filed his objections to Judge Carlson's report and recommendation. (Doc. 124). Concerning his discrimination claim, the plaintiff argues that Judge Carlson's report and recommendation placed undue reliance on the testimony of a single Army employee, and that genuine disputes of material fact remain regarding both the plaintiff's eligibility for a repromotion list and the eligibility of his alleged comparator. But as we acknowledged at the beginning of this memorandum, this action has been the subject of extensive summary judgment litigation, and we find that Judge Carlson not only fairly considered the testimony of Herbert Shirey, but also considered the entirety of the record when making his recommendation. Upon review of the record, we agree with Judge Carlson's finding that the plaintiff was denied the opportunity for the GS-11 position due to his decision to enroll in the pay retention option, rather than as a result of discrimination. (Doc. 124, at 20). We further adopt Judge Carlson's finding that, unlike

the plaintiff, his alleged comparator was believed to be qualified for the promotion. (*Id.*, at 21). Therefore, we find the plaintiff's objections to this claim to be unavailing.

Concerning his retaliation claim, the plaintiff generally argues that because he has satisfied every element of his Title VII retaliation claim, his motion for summary judgment should be granted. But Judge Carlson does not recommend the denial of the plaintiff's motion for summary judgment on this claim due to insufficient evidence of retaliation. Instead, he recommends denial because he found that a genuine dispute of material fact remained as to whether the plaintiff's denial of overtime was pretextual, an issue more appropriately resolved by a factfinder rather than by the Court. (*Id.*, at 25). Upon review of the record, we agree with Judge Carlson's determination. Accordingly, we find that the plaintiff's objections to this claim are thus unavailing.

We conclude that following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested and contested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory

committee note to 1983 amendment. We find Judge Carlson's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Carlson (Doc. 124) is **ADOPTED** in its entirety;

2. The defendant's supplemental motion for summary judgment (Doc. 101) is **GRANTED in part** and **DENIED in part**;

3. The defendant's supplemental motion is **GRANTED** as to the plaintiff's race discrimination claim predicated upon whether he was denied an opportunity to compete for a GS-11 position at the Tobyhanna Army Depot, and the motion is **DENIED** as to the plaintiff's retaliation claim predicated upon the defendant giving workers more overtime opportunities than the plaintiff;

4. The plaintiff's supplemental motion for summary judgment (Doc. 109) is **DENIED**;

5. The Clerk shall enter judgment in favor of the defendant concerning the plaintiff's race discrimination claim predicated upon

whether he was denied an opportunity to compete for a GS-11 position at the Tobyhanna Army Depot; and

6.      The matter is **REMANDED** to Judge Carlson for any further pretrial proceedings.

Dated: June 24, 2026              *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States District Judge

- 7 -